UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARILEE FOWLER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:10-cv-104-RLY-WGH |
| | ) | |
| EVANSVILLE CONVENTION AND | ) | |
| VISITORS BUREAU, | ) | |
|     Defendant. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Marilee Fowler ("Fowler"), moves to remand this action to the Vanderburgh Superior Court pursuant to 28 U.S.C. § 1441(c), or in the alternative, moves to remand her state law claims in Counts I, II, V, and VI pursuant to 28 U.S.C. § 1367(c)(2) and stay proceedings on the federal claims in Counts III and IV until the state law claims are resolved. For the reasons set forth below, Fowler's motion to remand is **DENIED**.

**I.  Background**

Marilee Fowler is the former Executive Director of the Evansville Convention and Visitors Bureau ("ECVB"). (Plaintiff's Complaint ("Complaint") ¶ 2). As a result of an interview with a reporter in which she discussed information the ECVB did not want released, Fowler was placed on administrative leave on February 8, 2010. (*Id.* ¶¶ 3-4). She alleges that the attorneys for the Board of ECVB informed her that she would be

given a severance agreement, effective upon approval by the Board at the ECVB meeting on March 29, 2010. (*Id.* ¶ 5).

Through its attorneys, the ECVB Board delivered a letter to Fowler on March 8, 2010, and enclosed the final severance agreement and a reference letter. (Plaintiff's Ex. A). The agreement required Fowler's resignation and contained a provision in which, among other things, she agreed to refrain from making comments to the media regarding the events leading to her resignation. (Plaintiff's Ex. C, at ¶¶ 1, 7(c)). The letter indicated ECVB's willingness to provide the enclosed reference letter in exchange for Fowler's resignation and contained instructions for her to sign and return her resignation letter and the severance agreement. (Plaintiff's Ex. A).

Fowler signed the severance agreement on March 8, 2010, and submitted her resignation. (Complaint ¶ 8). At its board meeting on March 29, 2010, the ECVB accepted Fowler's resignation but did not approve the severance agreement. (Complaint ¶ 9; Plaintiff's Ex. B). In a letter delivered to Fowler that afternoon, ECVB's attorneys claim that the severance agreement was not approved due to comments and statements Fowler made to the press the previous week in violation of the express terms and spirit of the agreement. (Plaintiff's Ex. B).

On July 9, 2010, Fowler commenced this action against ECVB in the Vanderburgh Superior Court. (Complaint). In Count I for constructive fraud, Fowler alleges that ECVB procured her resignation by promising to submit a severance agreement to the Board for their approval that ultimately was never presented. (*Id.* ¶¶ 14-17, 19). Fowler

asserts in Count II that, based on ECVB's March 29th letter, the determination that Fowler violated the severance agreement was made outside of a public meeting and therefore in violation of the Indiana Open Door Law ("ODL"). (*Id.* ¶¶ 25-26). Count III alleges a First Amendment violation, due to the unconstitutional prior restraints in the severance agreement and an admonition to Fowler not to speak to the press regarding her resignation. (*Id.* ¶ 32). Fowler asserts that her severance benefits were denied due to statements she made to the press, which she claims are constitutionally protected. (*Id.* ¶¶ 33-36). In Count IV, Fowler alleges that ECVB's acceptance of her resignation and refusal to pay her severance benefits violate her procedural and substantive due process rights under the United States Constitution and her due course of law rights under the Indiana Constitution. (*Id.* ¶ 39). The breach of contract claim in Count V asserts that the parties entered into a severance agreement, that Fowler performed what was required of her under the agreement, and that ECVB breached the agreement by refusing to pay Fowler accordingly. (*Id.* ¶¶ 42-45). Finally, in Count VI, Fowler seeks to recover her severance benefits on a theory of promissory estoppel, alleging that she detrimentally relied on ECVB's promise to pay severance benefits in exchange for her resignation. (*Id.* ¶¶ 49-52).

ECVB filed a timely notice of removal on July, 20, 2010, pursuant to 28 U.S.C. §§ 1441, 1446, asserting this court's original jurisdiction over Counts III and IV under 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining state law claims under on 28 U.S.C. § 1367(a). (Defendant's Notice of Removal ¶¶ 5-6). Fowler filed this motion

to remand, contending that removal of the case is improper under 28 U.S.C. § 1441(c), or in the alternative, that the court should exercise its discretion and remand all matters in which state law predominates. (Plaintiff's Motion to Remand ("Motion") ¶¶ 8-9). In the reply in support of the original motion to remand, Fowler argues that even if the court has jurisdiction over the entire case, the court in its discretion should remand her state law claims pursuant to 28 U.S.C. § 1367(c)(2) and stay her federal claims pending resolution of the state law claims. (Plaintiff's Reply ("Reply") 4).

## II. Standard for Removal and Remand

Removal is proper if it is based on statutorily permissible grounds and is timely. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (citing 28 U.S.C. §§ 1441, 1446). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.* Removal statutes should be interpreted narrowly, with any doubt regarding jurisdiction resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

## III. Discussion

### A. Removal under 28 U.S.C. § 1441 and 28 U.S.C. § 1367(a)

Fowler contends that removal of this action is improper under 28 U.S.C. § 1441(c), because the removable and non-removable claims are not separate and independent. ECVB agrees, but asserts that removal is proper under 28 U.S.C. § 1441(a)-(b) and that this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...." 28 U.S.C. § 1441(a). When a district court's original jurisdiction is founded on a federal question, the action "shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). A district court has federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

If otherwise non-removable claims or causes of action are joined with a separate and independent claim over which federal question jurisdiction exists, then 28 U.S.C. § 1441(c) provides that "the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Claims are not separate and independent if they arise "from the same loss or actionable wrong" or "if the wrongs arise from an interlocked series of transactions, *i.e.*, they substantially arise from the same facts." *Lewis v. Louisville & Nashville R.R. Co.*, 758 F.2d 219, 221 (7th Cir. 1985). When federal and state claims derive from a common nucleus of operative facts and are so related that they form part of the same case or controversy, the accompanying state law claims fall within the supplemental jurisdiction of the court. 28 U.S.C. § 1367(a); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

Fowler initially asserts that, under 28 U.S.C. § 1441(c), a case involving a federal question claim joined with non-removable state claims may be removed only if the federal and state claims are separate and independent. This argument fails to account for the option of removal pursuant to 28 U.S.C. § 1441(a)-(b) of a claim conferring federal

5

question jurisdiction, combined with supplemental jurisdiction over state claims that form part of the same case or controversy. The parties do not dispute that, pursuant to 28 U.S.C. § 1331, this court has original jurisdiction over the claims arising under the United States Constitution in Counts III and IV; therefore, removal is proper under 28 U.S.C. § 1441(a) and (b). Furthermore, the parties agree that Fowler's constitutional claims and state law claims derive substantially from the same operative facts and therefore are not separate and independent. Accordingly, § 1441(c) is inapplicable, and the state claims in Counts I, II, V, and VI lie within the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367(a). Nevertheless, Fowler contends that the state law claims should be remanded to the Vanderburgh Superior Court pursuant to 28 U.S.C. § 1367(c)(2) and that this court should stay proceedings on the federal claims pending resolution of the state law claims.

### B. Remand under 28 U.S.C. § 1367(c)(2)

Fowler asserts that, even though this court may exercise supplemental jurisdiction over her state law claims in Counts I, II, V, and VI, remand of these claims is appropriate under 28 U.S.C. § 1367(c)(2), because her state law claims substantially predominate over her federal claims in Counts III and IV.

Fowler relies on 28 U.S.C. § 1367(c)(2), which provides, in relevant part:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -
> ....
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction....

The decision to accept or decline jurisdiction under § 1367(c) is within the sound discretion of the district court. *Channell v. Citicorp National Serv., Inc.*, 89 F.3d 379, 387 (7th Cir. 1996). In determining whether a state law claim substantially predominates over a federal claim, the following factors are recognized: (1) whether a claim is purely a matter of state or local law and is therefore more properly entrusted to state courts, and (2) whether the federal claims are dependent on the resolution of the state claims. *Palivos v. City of Chicago*, 901 F.Supp.271, 273 (N.D.Ill. 1995).

In *Boone Cnty. Utilities, LLC v. Boone Cnty. Bd. of Comm'rs*, 2003 WL 203158, at *8 (S.D.Ind. 2003), this court held that an alleged violation of Indiana's ODL, although relevant, does not predominate over a claim regarding an alleged violation of due process under the Fourteenth Amendment of the United States Constitution. In its complaint, Boone County Utilities, LLC ("BCU"), alleged that the Boone County Board of Commissioners violated the Indiana ODL by deciding in secret to initiate a regulatory proceeding. *Id.* at *1. Additionally, BCU alleged a denial of its rights under the First Amendment, as incorporated by the Fourteenth Amendment, to freely petition and be heard. *Id.* BCU contended that its state law claim predominated over its federal claim of a violation of due process under the Fourteenth Amendment. *Id.* at *1. The court found that Plaintiff's Fourteenth Amendment claim did not depend necessarily on a resolution of the Indiana ODL claim; therefore, the state law claim did not predominate over the federal claim, and remand of the state law claim was denied. *Id.* at *8.

Similarly, the Northern District of Illinois did not remand a state law claim of violations of the Illinois School Code after determining that it did not predominate over an age discrimination claim under the Age Discrimination in Employment Act ("ADEA") and an Equal Protection claim under the Fourteenth Amendment and 42 U.S.C. § 1983 ("Section 1983"). *Harrison v. Bd. of Educ., Maine Twp. High Sch. Dist. No. 207*, 1996 WL 182559, at *2 (N.D.Ill. 1996). The court found that regardless of whether Harrison's rights under the school code were violated, the alleged termination due to her age implicated the ADEA and Section 1983. *Id.* Also, the federal claims did not depend on a resolution of the state law claim; therefore, the state law claim did not predominate over the federal claims. *Id.*

On the other hand, the court in *Palivos v. City of Chicago* deemed appropriate the remand of state law claims alleging the City's arbitrary refusal to issue a building permit, because the viability of Palivos's Section 1983 claim was largely dependent upon the resolution of the state law claims. 901 F.Supp. at 273. Palivos's Section 1983 claim alleged he was deprived of his property interest in a building permit to which he was entitled; however, whether he had a property interest in the permit was an issue of state law. *Id.* Because the state claims substantially predominated over the federal claim, the court declined to exercise supplemental jurisdiction over the state claims. *Id.*

Due to contradictions in her initial motion to remand and her reply to ECVB's arguments against remand, Fowler's position regarding the relationship between her state and federal claims is unclear. Initially, Fowler claims that the determinations of state law

8

are "inextricably related and intertwined with the Indiana and federal constitutional claims," (Motion ¶ 7); however, she later insists that her state claims are "all purely matters of state law" and predominate over the federal claims (Reply 3). The court agrees with Fowler's initial contention that these state claims are inextricably related and intertwined with the federal claims, and disagrees with her later assertion that the state claims substantially predominate over the federal claims.

Fowler's breach of contract claim (Count V) alleges that she performed all the terms and conditions of the severance agreement required of her; however, in order to proceed with that claim, a determination of what was required of her under the severance agreement must first be made. In her First Amendment claim, Fowler alleges that paragraph 7(c) of the agreement, in which an employee agrees not to make comments or statements to the press regarding the employee's resignation, etc., is an unconstitutional prior restraint on free speech under the First Amendment; therefore, compliance with this provision is not required. (Complaint ¶¶ 31-36). At the same time, Fowler suggests she made comments and statements to the press that violate this allegedly unconstitutional condition of her severance agreement. (*See* Complaint ¶¶ 31-36; Plaintiff's Ex. B). Clearly, a determination regarding whether this provision is constitutional, and thus a valid condition that Fowler is required to follow, must be made in order to proceed with the breach of contract claim. Contrary to *Palivos*, resolution of the state law breach of contract claim actually depends on the outcome of the federal claim; therefore, Count V does not substantially predominate over the federal claim.

9

By Fowler's own assertions, the constructive fraud (Count I) and promissory estoppel (Count VI) claims require determinations based on the same comments and statements that are at issue in the federal claims, further demonstrating that the claims are inextricably related. (Motion ¶ 7). Resolution of the federal claim alleging that the comments are constitutionally protected speech likely impacts determinations as to whether these comments and statements justify ECVB's decision not to take action on the severance agreement, or whether the comments and statements prevent Fowler from recovering under a promissory estoppel theory. *See id.* Because resolution of the federal claim may impact the resolution of the state claims, the state law claims do not predominate over the federal claims.

Finally, Count II, which involves an alleged violation of the Indiana ODL, is a matter of state law, yet no federal claim is substantially impacted by the resolution of this claim. Like *Harrison*, regardless of the outcome involving Fowler's ODL claim, her claim that ECVB failed to take action as promised regarding her severance agreement implicates her federal due process claim. Fowler's federal claim involves the alleged violation of both her procedural and substantive due process rights under the United States Constitution, based on the actions taken by the ECVB in accepting her resignation and refusing to pay her severance benefits. (Complaint ¶ 39). Clearly, this claim encompasses more than an alleged violation of the Indiana ODL. Just like this court's decision in *Boone Cnty. Utilities*, Fowler's claim under the ODL does not substantially predominate over her federal claims, because resolution of Fowler's state claim, although

relevant, would not necessarily dispose of the federal due process claim.

None of the state law claims in Counts I, II, V, and VI substantially predominate over the federal claims in Counts III and IV. Accordingly, the court **DENIES** Fowler's motion to remand pursuant to 28 U.S.C. § 1367(c)(2). Because no claims were remanded, the court needs not address Fowler's request to stay proceedings on the federal claims pending resolution of her state law claims in state court.

## IV. Conclusion

For the reasons set forth above, the court **DENIES** Fowler's Motion to Remand (Docket # 10) to the Vanderburgh Superior Court this entire action, or in the alternative, the state law claims as to constructive fraud (Count I), illegal action (Count II), breach of contract (Count V), and promissory estoppel (Count VI).

**SO ORDERED** this 22nd day of October 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Steve Barber
BARBER, SHOULDERS & SIESKY, LLP
steve@barlegal.net

James D. Johnson
RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

Keith A. Sermersheim
RUDOLPH FINE PORTER & JOHNSON
kas@rfpj.com