UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARILEE FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10-cv-104-RLY-WGH |
| | ) | |
| EVANSVILLE CONVENTION AND | ) | |
| VISITORS BUREAU, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR LEAVE TO FILE
AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

This matter is before the court on Defendant's Motion for Leave to File Amended Answer and Affirmative Defenses filed October 28, 2010. (Docket No. 22). Plaintiff filed her Objection on November 5, 2010. (Docket No. 23). Defendant filed a Reply on November 9, 2010. (Docket No. 24).

**Discussion**

Defendant, Evansville Convention and Visitors Bureau ("ECVB"), filed this motion seeking to amend its Answer. The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule permits the amendment of a pleading after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, but notes that leave should be freely given when justice requires. FED. R. CIV. P. 15. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed

in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002).

In this case, Plaintiff has raised claims in her Complaint against Defendant, a political subdivision. Pursuant to Section 34-13-3-8 of the Indiana Code, an individual must provide notice of a claim against a political subdivision within the State of Indiana to the governing body of the subdivision, as well as the Indiana Political Subdivision Risk Management Commission, within 180 days of the alleged loss.

Plaintiff alleges that on March 29, 2010, the ECVB engaged in tortious behavior when the board of the ECVB failed to adopt a severance agreement between Plaintiff and the ECVB. Based on the 180-day requirement in Section 34-13-3-8, Plaintiff was required to notify the ECVB of her claim by no later than Friday, September 24, 2010. Plaintiff apparently failed to provide the requisite notice before instituting this lawsuit. A Complaint was filed on July 9, 2010, in Vanderburgh Superior Court. The lawsuit was removed to federal court on July 20, 2010. The ECVB filed its Answer on August 17, 2010. The original Answer did not include an affirmative defense indicating that Plaintiff had failed to file the requisite tort claim notice.

"[I]t is well established that failure to give notice is a defense which the government entity must assert in its answer . . . ." *Coghill v. Badger,* 418 N.E.2d 1201, 1207 (Ind. Ct. App. 1981). Nevertheless, the Indiana Court of Appeals has found that so long as the failure to raise this affirmative defense did not prejudice a

plaintiff, a defendant will be permitted to belatedly raise the affirmative defense. *Borne by Borne v. Northwest Allen County School Corp.,* 532 N.E.2d 1196, 1199 (Ind. Ct. App. 1989). Here, the ECVB could have raised the affirmative defense of failure to file a tort claim notice upon filing its Answer on August 17, thereby giving Plaintiff 38 days within which to correct its error by dismissing this suit and providing the requisite notice. Instead, now after Plaintiff's 180-day window has passed, Defendant seeks to amend its Answer to include the affirmative defense. The Magistrate Judge concludes that this scenario is the rare occasion where Plaintiff would suffer prejudice by allowing Defendant to belatedly assert the affirmative defense. Plaintiff can no longer do what she could have done (correct her mistake) had Defendant asserted the affirmative defense when it was required to do so at the time it served its Answer. Because Plaintiff would suffer prejudice by now allowing Defendant to assert the affirmative defense of failure to give notice, Defendant's motion must be denied.

## Conclusion

For the reasons outline above, Defendant's Motion for Leave to File Amended Answer and Affirmative Defenses is **DENIED.**

**SO ORDERED.**

**Dated:** November 22, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Steve Barber
BARBER, SHOULDERS & SIESKY, LLP
steve@barlegal.net

James D. Johnson
RUDOLPH FINE PORTER & JOHNSON
jdj@rfpj.com

Keith A. Sermersheim
RUDOLPH FINE PORTER & JOHNSON
kas@rfpj.com